**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  10-10080–01-MLB** |
| | ) | |
| **DANNY P. SANDEFER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER OF DETENTION PENDING TRIAL**

On May 28, 2010, a detention hearing was conducted in accordance with the Bail Reform

Act, 18 U.S.C. §3142(f).  The Government appeared by and through Mona Furst, Assistant

United States Attorney.  The defendant appeared in person and through appointed counsel,

Michael D. Hepperly.

The Government requested a detention hearing because this case involves an offense  for

which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et

seq., and a crime of violence pursuant to 18 U.S.C. § 3142(e), and because this case also

involves the unlawful possession of a firearm in furtherance of a drug trafficking crime pursuant

to 18 U.S.C. § 924(c).  Defendant acknowledges that there is a presumption of detention, but

argues that the presumption is rebuttable and that there are conditions of release which can be

imposed by the court that will allow defendant to be released on bond.

The Government's motion for detention is **GRANTED**.  The following findings require

the detention of the defendant pending trial in this case:

1.      There is probable cause to believe that Defendant committed an offense set out in

21 U.S.C. § 801et.seq. for which a maximum term of imprisonment of ten years or more is

prescribed and a firearm violation under 18 U.S.C. § 924(c). Accordingly, a rebuttable

presumption arises that no condition or combination of conditions will reasonably assure the

appearance of the defendant as required and the safety of the community.

       2.      The defendant has not rebutted the presumption. All reasonable alternatives to

detention have been considered. The court finds that the United States has met its burden of

establishing by a clear and convincing evidence that Defendant's release would present a danger

to the community, and by a preponderance of the evidence that there is a serious risk that

defendant will flee if released on conditions. *See* U.S. v. Cisneros, 328 F.3d 610, 616 (10th cir.

2003). Therefore defendant should be detained pending trial.

       3.      The court has considered the following factors set out in 18 U.S.C. § 3142(g):

             a.      The charges against defendant in this case are serious and involve sale of a

                    substantial amount of methamphetamine to undercover law enforcement

                    officers. One of the defendants who was backup for the transaction had

                    possession of a firearm for use in case something went down. These are

                    the type of offenses considered by the Bail Reform Act to be serious in

                    nature and which involve danger to the community. *See* U.S. v. Cox, 635

                    F.Supp. 1047, 1055 (D. Kan. 1986) ("distribution of illegal narcotics

                    constitute a serious and pervasive danger to the community.").

             b.      The weight of the evidence in this case appears to be substantial. In

                    addition to the fact that the sale was to undercover law enforcement

                    officers, it appears that Defendant has made voluntary statements to law

                    enforcement officers after his arrest basically admitting his involvement in

                    the drug transaction. While Defendant is presumed innocent, these facts

                    strongly support detention.

c.     The history and characteristics of Defendant also support detention in this case.  Defendant reported to Pretrial Services that he has been self-employed for the last six months buying salvage vehicles and repairing them for resale.  Defendant also reported to Pretrial Services that he has used marijuana and methamphetamine, and that he used methamphetamine daily, with his last use approximately 4 days prior to his bond interview.  Defendant has had prior residential drug treatment in 1995.

d.     Defendant's criminal history indicates difficulties beginning when he was a juvenile.  He has convictions for burglary and felony theft in 1991, for aggravated escape from custody in 1996, for possession of paraphernalia to grow marijuana, possession of opiates and possession of depressants in 2002.  While defendant's contacts with law enforcement have not been as regular after he completed serving time for these prior state court convictions, he does have two domestic battery cases pending from 2008 and 2009.  Defendant also has a failure to appear in a traffic case in 2008 that resulted in suspension of his license.

e.     Because of the combination of drugs and firearms, Defendant is facing a significant period of incarceration if he is found guilty or if he enters a plea to the charges.  The Government also proffered that because of his prior drug convictions, his sentence might be further enhanced.  The length of the possible sentence indicates that Defendant is likely to fail to appear for further proceedings in this case.

f.      Defendant's plan of release to live with his step-father does not reasonably assure safety or appearance since he was living with him at the time of the charges in this case.

4.      The court has considered and adopts the recommendations contained in the Pretrial Services Report.

5.      Defendant is advised of his right to seek a review and appeal of this order of release pursuant to 18 U.S.C. § 3145(b).

IT IS THEREFORE ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this 28th day of May 2010.

     s/ DONALD W. BOSTWICK
     DONALD W. BOSTWICK
     United States Magistrate Judge